UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DEBORAH LOW,

                                              Plaintiff,

            -against-

THE CITY OF NEW YORK, SERGEANT JOHN DOE,
POLICE OFFICERS JOHN AND JANE DOES,

                                              Defendants.

**COMPLAINT**

09 Civ. 9745 (NRB).

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and New York City Police Officers. Plaintiff alleges that, on October 11, 2009, in Manhattan, several Police Officers retaliated against her for exercising her right of free speech, retaliated against her for exercising her right to demand a search warrant, falsely arrested her, and used excessive force on her in violation of the First and Fourth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her claims brought under New York state law.

4. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 30 days after the incident in question, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Plaintiff is a resident of the State of New York, County of New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Sergeant John Doe and Police Officers John and Jane Does are New York City Police Officers who were assigned to the 32nd Precinct on October 11, 2009. The officers were acting under color of state law and in their capacities as New York City Police Officers on October 11, 2009. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

9. On October 11, 2009, at approximately 10:15 p.m., at plaintiff's residence located at 2640 Eighth Avenue, apt. # 1D, in Manhattan, an unidentified Police Sergeant, an unidentified male officer (whose last name may be "Peralta"), and an unidentified female officer (whose last name may be "Murphy") arrested plaintiff solely because plaintiff would not let the officers enter her home without a search or arrest warrant to arrest her nephew, Troy Larkins, who was in the apartment.

10. Before arresting plaintiff, the Sergeant and the two officers told plaintiff that she would be arrested if she did not let them enter her home.

11. Plaintiff was entitled under the Constitution to demand that the police officers obtain a warrant before entering her apartment.

12. Several other police officers in uniform were present when plaintiff was falsely arrested but they did not intervene to protect her.

13. In the course of arresting plaintiff, the female officer handcuffed excessively tight.

14. The cuffing of claimant was retaliatory and painful.

15. The female officer also searched plaintiff.

16. The search was unjustified, without plaintiff's consent and offensive.

17. After plaintiff was placed under arrest, the female officer escorted plaintiff to a police van, put her inside, and plaintiff was taken to the 32nd Precinct.

18. At the 32nd Precinct, plaintiff was placed in a cell.

19. While being held, plaintiff asked for her hypertension medication but officers told her that she had to be taken to the hospital if she needed medication.

20. The police called an ambulance and an ambulance eventually arrived at the precinct.

21. The ambulance took plaintiff to Harlem Hospital where she was given medication.

22. The police then returned plaintiff to the 32nd Precinct.

23. While plaintiff was confined in the precinct, the designated "arresting officer," pursuant to a conspiracy with other officers, prepared police reports falsely charging plaintiff with an unknown crime.

24. On October 12, 2009, the police brought claimant to Manhattan Central Booking.

25. A female officer employed in Central Booking would not let plaintiff enter the facility because of her hypertension.

26. The police then took plaintiff to the 7th Precinct.

27. Plaintiff was put in a cell in the 7th Precinct and spent the night in the cell without sleeping.

28. While plaintiff was confined in the 7th Precinct, the designated "arresting officer," pursuant to a conspiracy with other officers, misrepresented to an Assistant District Attorney that plaintiff had committed a crime.

29. On October 12, 2009, at approximately 3:30 p.m., plaintiff was released from the 7th Precinct because the Manhattan District Attorney's Office declined prosecution.

30. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a loss of liberty, emotional distress, mental anguish, fear, anxiety, humiliation, damage to reputation, pain and bruising to her wrists, and high blood pressure.

## FIRST CLAIM

### (FALSE ARREST)

31. Plaintiff repeats the foregoing allegations.

32. Defendants' arrest of plaintiff, as described herein, was without probable cause and therefore in violation of plaintiff's rights under the Fourth Amendment and state law.

## SECOND CLAIM

### (VIOLATION OF RIGHT TO FREE SPEECH)

33.   Plaintiff repeats the foregoing allegations.

34.   Defendants' false arrest and excessively tight handcuffing of plaintiff was motivated in substantial part by plaintiff's exercise of free speech and therefore in violation of plaintiff's rights under the First Amendment.

## THIRD CLAIM

### (UNREASONABLE FORCE)

35.   Plaintiff repeats the foregoing allegations.

36.   Defendants' excessively tight handcuffing of plaintiff was objectively unreasonable and therefore in violation of plaintiff's rights under the Fourth Amendment.

## FOURTH CLAIM

### (ASSAULT)

37.   Plaintiff repeats the foregoing allegations.

38.   Defendants assaulted plaintiff in violation of state law because the handcuffing and search of plaintiff placed plaintiff in fear of imminent harmful and offensive contact.

## FIFTH CLAIM

### (BATTERY)

39.   Plaintiff repeats the foregoing allegations.

40.   Defendants battered plaintiffs in violation of state law because the handcuffing and search of plaintiff constituted a wrongful physical contact.

## SIXTH CLAIM

### (MONELL V. DEPT. OF SOCIAL SERVICES)

41. Plaintiff repeats the foregoing allegations.

42. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

43. Upon information and belief, the City of New York, at all relevant times, was aware that the officers involved in this case are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

44. Further, the City of New York, at all relevant times, was aware that the officers involved in this case and many other police officers abuse their authority by arresting and assaulting individuals who do nothing more than exercise their right to free speech.

45. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action.

46. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized him.

47. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

48. The aforesaid conduct by the City of New York violated plaintiff's rights under the First and Fourth Amendments.

## SEVENTH CLAIM

### (RESPONDEAT SUPERIOR)

49. Plaintiff repeats the foregoing allegations.

50. The City of New York is vicariously liable under state law for false arrest, assault and battery because the officers involved in this case were acting within the scope of their employment as New York City Police Officers when they committed the aforesaid torts.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as this Court may deem just and proper.

DATED:  November 22, 2009
             Brooklyn, New York

/s/
_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391